UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>           Plaintiff,<br><br>   v.<br><br>DANCO BUILDERS, et al.,<br><br>           Defendants. | Case No. 15-cv-03945-WHO<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 20 |

On November 4, 2015, defendant Danco Builders filed a motion to dismiss plaintiff Philadelphia Indemnity Insurance Company's ("Philadelphia Indemnity") first amended complaint ("FAC"). Mot. [Dkt. No. 20]. Danco argued that Philadelphia Indemnity's FAC – which alleged two causes of action, one for negligence and one for strict products liability – was at core a complaint for equitable subrogation because Philadelphia Indemnity sought compensatory damages for a payment it had made to an insured third party following a fire. Mot at 1-2. Danco contended that the FAC was defective because it failed to plead the required elements for equitable subrogation and also failed to adequately state a claim under either of the two causes of action. Mot. at 3-16.

In opposition, and apparently in recognition of the FAC's deficiencies, Philadelphia Indemnity attached a second amended complaint ("SAC") to a declaration by its counsel. Dkt. No. 23-2. The opposition integrated new factual allegations from the SAC and cited to the SAC in multiple places. *See* Opp. [Dkt. No. 23].

Under Federal Rule of Civil Procedure 15(a), a plaintiff may file an amended complaint as a right within 21 days after a responsive pleading. Fed. R. Civ. P. 15(a); *Ramirez v. Cty. of San Bernardino*, No. 13-56602, 2015 WL 7423064, at *4 (9th Cir. Nov. 23, 2015)("[W]e conclude that

1  a plaintiff may amend in whatever order he sees fit, provided he complies with the respective

2  requirements found within 15(a)(1) and 15(a)(2)."). However, attaching an amended complaint as

3  an exhibit to a declaration does not constitute filing the amended complaint, so Rule 15 is not

4  applicable here.

5      In light of Philadelphia Indemnity's effective concession of the insufficient and conclusory

6  nature of the FAC by attaching a SAC to its counsel's declaration and relying upon the SAC in its

7  opposition to combat multiple arguments asserted by Danco, I GRANT Danco's motion to

8  dismiss. Philadelphia Indemnity may file an amended complaint within 10 days of the date of this

9  Order. The SAC has no effect. Philadelphia Indemnity may make any changes to it in the

10 amended complaint that it deems necessary or appropriate.

11 **IT IS SO ORDERED**.

12 Dated: December 1, 2015



WILLIAM H. ORRICK
United States District Judge