UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DANCO BUILDERS, et al.,<br><br>Defendants. | Case No. 15-cv-03945-WHO<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT AND DENYING MOTION FOR RELIEF FROM JUDGMENT**<br><br>Dkt. No. 108 |

## INTRODUCTION

In this equitable subrogation case, plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia") brought claims against defendant DANCO Builders ("DANCO") to recover damages resulting from a fire at an apartment complex in Willow Creek, CA. Philadelphia's theory of liability was that DANCO, the contractor that built the Willow Creek Apartments, negligently selected and installed a highly flammable Green Deck material on the second-story balconies and that this Green Deck caused a fire, started by a negligent tenant, to spread and cause considerable damage to the building. Following a bench trial, I found for DANCO, concluding that the Green Deck did not play a substantial role in spreading the fire because the fire, which originated at a cardboard box on an apartment balcony and spread directly from the flaming box to the combustible vinyl siding of the building.

Philadelphia has now moved to alter judgment, or alternatively for relief from judgment, under Rules 59(e) and 60(b) based on an additional request to belatedly amend the pleadings under Rule 15(b)(2). *See* Motion to Alter Judgment ("Mot.") (Dkt. No. 108). It seeks leave to add a new theory of liability to its pleadings, that DANCO was negligent in selecting and installing the vinyl siding at the Willow Creek Apartments and that this siding caused the fire to spread and

resulted in Philadelphia's damages. *See* Mot. at 5. Philadelphia asserts that amendment is appropriate under Rule 15(b)(2) because this theory of liability was tried by implied consent at trial.

As discussed below, the parties did not try the "vinyl siding" theory by implied consent. In fact, as the trial record shows, DANCO, Philadelphia, and I all explicitly recognized that Philadelphia's case was limited to the Green Deck theory of liability. Further, amendment at this stage would be unduly prejudicial to DANCO, as DANCO prepared its defense in this case in reliance on the fact that the vinyl siding theory was not a viable theory of liability and did not prepare or present any defense of that theory. There is no need for oral argument on this motion and the hearing set for August 30, 2017 is VACATED. Because I conclude that amendment is not appropriate, and Philadelphia has not put forward any other grounds for reconsideration or relief under Rules 59(e) and 60(b), Philadelphia's motions to alter or amend judgment and for relief from judgment are DENIED.

**BACKGROUND**

Philadelphia filed its Third Amended Complaint ("TAC") in this case on February 2, 2016. *See* Dkt. No. 43. In the TAC, Philadelphia alleged that defendant DANCO had negligently installed a highly flammable Green Deck material at an apartment complex in Willow Creek, CA, and that this Green Deck had caused a fire to spread at the apartment complex in December, 2013, resulting in approximately $670,000 in damages. TAC ¶ 25.

On November 9, 2016, Philadelphia moved for leave to file a Fourth Amended Complaint ("FAC") to add a new theory of negligence. *See* Motion for Leave (Dkt. No. 71). As detailed in Philadelphia's proposed FAC, Philadelphia sought leave to allege that DANCO had been negligent because it "installed or allowed second floor balcony decking, siding, moisture barrier, and attic draft stops to be installed at WILLOW CREEK." Proposed Fourth Amended Complaint (Dkt. No. 71-1).

On January 3, 2017 I denied Philadelphia's motion for leave. Although I acknowledged that Rule 15(a) has a liberal amendment standard, I concluded that amendment was not appropriate because (i) Philadelphia had unduly delayed in seeking leave because the information

relevant to the new negligence theory had been available to it for years; and (ii) DANCO would be prejudiced by amendment because fact discovery had already closed and the parties had not conducted any discovery on any negligence theory besides the Green Deck. Order Denying Leave at 4, 6 (Dkt. No. 79). As a result, the TAC remained the operative complaint and Philadelphia remained limited to its theory that DANCO was negligent in installing the Green Deck.

On April 26, 2017, DANCO filed a Motion in Limine seeking to "Exclude All Evidence of Allegedly Negligent Construction Materials, Except for the Green Deck." Dkt. No. 86. I granted this motion in limine at the pretrial conference on May 15, 2017 and in a subsequent minute entry noted that "evidence of negligence is limited to the role of the Green Deck material." *See* Dkt. No. 92.

A bench trial commenced on June 5, 2017. *See* Dkt. No. 95. At trial, Philadelphia and DANCO presented evidence regarding the cause and spread of the fire at the Willow Creek properties. Because Philadelphia was limited by its pleadings, it argued and presented evidence in support of the claim that the Green Deck was the primary cause of the fire spread. *See* e.g. Trial Tr. Vol. 1: 136:24-137:20. In turn, DANCO presented evidence that the vinyl siding, not the Green Deck, caused the fire to spread. *Id.* As Philadelphia's counsel summarized during opening statements: "The question in this case [is] . . . Which came first, the chicken of the egg? Did the vinyl siding catch fire, burn away, then the OSB sent shards down onto the deck which caused the deck fire? Or did the deck catch fire, which then burned up?" *Id.*

Multiple times during the trial I reminded Philadelphia's counsel to limit the questions and exhibits to evidence relevant to the Green Deck theory of negligence. *See* Trial Tr. Vol. 1: 16:4-21 (confirming that evidence unrelated to the Green Deck theory would not be permitted and directing counsel to "Just stick to the issues that are in the case now, Mr. Beatty."); Trial Tr. Vol. 1: 55:1-12 (reminding counsel that "I think the issue is going to be the green deck. So let's stick with the green deck."). At least once, counsel for DANCO objected to the introduction of evidence that was outside the scope of the Green Deck theory. *See* Trial Tr. Vol. 1: 54:19-55:10. And counsel for Philadelphia assured the court, and DANCO, that it was not trying to introduce evidence related to some other theory of negligence. Trial Tr. Vol. 1: 16:12-18 (explaining that

3

evidence related to the installation of the vinyl side boards was "not an element of negligence because it's been precluded.").

The parties completed their in-court presentations of evidence on June 6, 2017. Both Philadelphia and DANCO submitted proposed findings of fact and conclusions of law. *See* Dkt. No. 100; Dkt. No. 102. Neither party opted to present a closing statement.

On June 27, 2017 I issued Findings of Fact and Conclusions of Law. I concluded that the "primary causes for the spread of the fire were the highly combustible vinyl siding of the North Wall and the failure of the Apartment F tenant to prevent or control the fire." *See* Findings of Fact at 7 (Dkt. No. 105). I also concluded that "[b]ecause the Green Deck did not cause the fire damage, DANCO's installation of the Green Deck was not the proximate cause of Philadelphia's injury." *Id.* As causation was a necessary element of Philadelphia's claim, I entered judgment in favor of DANCO.

On July 10, 2017, Philadelphia filed the pending motion seeking relief from judgment and leave to amend its pleadings to conform to the evidence presented at trial. Philadelphia asserts that the parties implicitly consented to trying the vinyl siding theory of negligence because DANCO presented evidence that the vinyl siding, not the Green Deck, caused the fire to spread. It asserts that it should be permitted to retroactively amend its complaint to plead the vinyl siding theory of negligence and, because I have already concluded that the vinyl siding was one of the primary causes of the fire spread, judgment should then be entered in its favor.

**LEGAL STANDARD**

Rule 59(e) allows a party to move to alter or amend a judgment. Fed. R. Civ. P. 59(e). In the Ninth Circuit, motions to alter or amend brought under Rule 59(e) are reviewed under the same standard as any reconsideration motion and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Rule 60(b) permits a party to move for relief from a final judgment for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence

4

that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Under Rule 15(b)(2) "[w]hen an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings." Fed. R. Civ. P. 15(b)(2). "A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue." *Id.* "To establish implied consent, the plaintiff must demonstrate that the defendant understood evidence had been introduced to prove the new issue, and that the new issue had been directly addressed, not merely inferentially raised by incidental evidence." *In re Acequia, Inc.*, 34 F.3d 800, 814 (9th Cir. 1994). While 15(b) embodies a liberal policy in favor of amendment, "late pleading amendments are improper under the rule if they cause substantial prejudice to the opposing party." *Consolidated Data Terminals v. Applied Digital Data Sys., Inc.* 708 F.2d 385, 396 (1983).

## DISCUSSION

Philadelphia's motion to alter judgment and its alternative motion for relief from judgment are dependent on its request to amend under Rule 15(b). Because I conclude that amendment is not appropriate, Philadelphia's motions to alter judgment and for relief are DENIED.

### I. RULE 15(b) MOTION TO AMEND

To amend a pleading under rule 15(b)(2) a party must show that an issue was "tried by the parties' express or implied consent," *see* Fed. R. Civ. P. 15(b)(2), and that amendment would not cause "substantial prejudice to the opposing party," *Consolidated Data Terminals*, 708 F.2d at 396. Philadelphia cannot satisfy either of these requirements.

#### A. The Vinyl Siding Theory Was Not Tried by Consent

Philadelphia argues that the vinyl siding theory of negligence was tried with DANCO's implied consent because, at trial, DANCO introduced evidence demonstrating that the vinyl siding contributed to the spread of the fire.

"To establish implied consent, the plaintiff must demonstrate that the defendant understood

evidence had been introduced to prove the new issue, and that the new issue had been directly addressed, not merely inferentially raised by incidental evidence." *In re Acequia, Inc.*, 34 F.3d at 814. Philadelphia cannot demonstrate that DANCO consented to trying the vinyl siding theory.

As Philadelphia's counsel summarized at trial, one of the key questions in resolving the Green Deck theory of negligence was: did the vinyl siding catch on fire first? Or did the Green Deck catch first and spread the fire to the vinyl siding? In support of its Green Deck theory Philadelphia presented evidence that the Green Deck caught fire first and ignited the vinyl siding, thereby causing the fire to spread. To counter this theory, DANCO introduced evidence that the fire spread directly to the vinyl siding, which melted down the wall and eventually burned parts of the Green Deck. This evidence supported DANCO's assertion that the Green Deck was not a substantial cause in spreading the fire; it was central to DANCO's primary defense in the case. Philadelphia now argues that this evidence demonstrates that DANCO consented to trying the vinyl siding theory of negligence. There is no support for this assertion. All of the evidence that DANCO presented was relevant to its defense of the Green Deck theory. DANCO's introduction of evidence regarding the vinyl siding was part of its primary defense of Philadelphia's Green Deck theory and does not demonstrate that DANCO consented to try any separate issue.

If there was any doubt regarding whether DANCO consented to try the vinyl siding issue, the fact that Philadelphia was repeatedly and expressly precluded from pursuing this theory erases it. As was made clear multiple times, Philadelphia's claims against DANCO were limited to those pleaded in its TAC, the Green Deck negligence theory. On January 3, 2017, I denied Philadelphia's motion to amend the TAC to add new theories, including the vinyl siding theory. On May 15, 2017, I granted DANCO's motion in limine to exclude evidence related to any allegedly negligent construction materials except for the Green Deck. On several occasions during trial I reminded counsel for Philadelphia to "stick with the green deck" theory when counsel started to stray into evidence more focused on the vinyl siding or other construction materials. *See* Trial Tr. Vol. 1: 16:4-21; 55:1-12. And counsel for DANCO objected at trial when Philadelphia attempted to introduce evidence relevant to a vinyl siding theory. *See* Trial Tr. Vol. 1: 54:19-55:10.

Not only was Philadelphia repeatedly prevented from trying the vinyl siding issue, Philadelphia's counsel repeatedly assured me and DANCO that it was not attempting to do so. During opening statements, counsel for Philadelphia explained that his comments regarding the installation of the vinyl side boards was "not an element of negligence because it's been precluded" and stated "I'm not pointing to them as elements of negligence or cause of the fire." Trial Tr. Vol. 1, 16:4-24. Later, during the direct exam of Philadelphia's expert Hughes, counsel asserted that he was introducing evidence that the vinyl walls did not meet the specifications of the plans to show DANCO's "cavalier attitude" toward the project which counsel asserted was relevant to the Green Deck theory. Trial Tr. Vol. 1, 55:1-13. Despite this assurance, counsel was reminded to "stick with the green deck," which he agreed to do. *Id.*

As the record shows, DANCO did not consent to trying the vinyl siding issue. It expressly refused to allow Philadelphia to pursue this theory and obtained multiple rulings making clear that Philadelphia would be limited to the negligence theories pleaded in its TAC. While DANCO presented evidence regarding the vinyl siding, this evidence was directly relevant to DANCO's defense on the Green Deck claim and does not demonstrate that DANCO consented to trying the vinyl siding issue as an independent theory of liability. Philadelphia has failed to demonstrate that DANCO impliedly consented to trying the vinyl siding issue.

**B.      DANCO Would Be Prejudiced By Amendment**

Philadelphia asserts that DANCO would not be prejudiced by amendment because it "opened the door to the contribution of the wall sandwich construction to the spread of the fire" by voluntarily presenting evidence on the vinyl siding issue.

Philadelphia's argument is absurd. DANCO would suffer clear prejudice if Philadelphia was granted leave to add the vinyl siding theory to its pleadings. DANCO's trial strategy relied heavily on the fact that Philadelphia's negligence theory was limited to the Green Deck. Because of this limitation, Philadelphia presented evidence that the vinyl siding, not the Green Deck, was the primary cause of the fire spread. DANCO surely would have employed an entirely different defense with regard to the Green Deck claim if the vinyl siding theory was part of the case. DANCO also assuredly would have prepared and presented a defense to the vinyl siding theory if

7

it was aware that it was a viable theory of liability.  Instead, it had no opportunity to prepare a defense on that issue and did not do so.

DANCO relied on the rulings in this case and Philadelphia's representations in preparing and presenting its defense at trial.  It would face substantial prejudice if Philadelphia were permitted to amend its theories of liability now and assert claims that I expressly prohibited it from presenting multiple times.  *See Consolidated Data Terminals*, 708 F.2d at 385 (a defendant is prejudiced by late amendment if it "lacked an opportunity to counter the new theory").  Because DANCO would suffer clear prejudice if Philadelphia were granted leave to amend, amendment is not appropriate.  Philadelphia has failed to show that DANCO consented to try the vinyl siding issue at trial.  Philadelphia's request for leave under Rule 15(b) is DENIED.

## II. MOTIONS BROUGHT UNDER RULES 59(e) AND 60(b)

Philadelphia's motion to alter judgment or amend under Rule 59(e) and its alternative motion for relief from judgment under Rule 60(b) are based on its request for leave to amend its pleadings under Rule 15(b).  It asserts no other grounds for relief under either section.  Because I have DENIED Philadelphia's request for leave to amend, Philadelphia's Rule 59(e) and 60(b) motions are also DENIED.

## CONCLUSION

As outlined above, Philadelphia's request for leave to amend under Rule 15(b) is DENIED.  Philadelphia's motion to alter or amend the judgment under Rule 59(e) and its motion for relief from judgment under Rule 60(b) are also DENIED.

**IT IS SO ORDERED.**

Dated: August 24, 2017

William H. Orrick
United States District Judge